UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Before the Court is defendants Morgan, Lewis & Bockius LLP, Anne M. Brafford, Jennifer L. Bradford, and Collie F. James' (collectively "Defendants") Motion to Dismiss plaintiff's complaint. (Docket No. 11.) Defendants challenge the sufficiency of the complaint filed by plaintiff Phillip Wolfstein ("Plaintiff" or "Wolfstein"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 19, 2015, is vacated, and the matter taken off calendar. Also before the court is Plaintiff's Motion to Remand. (Docket No. 16.) The Court also finds that matter appropriate for decision without oral argument. The hearing calendared for November 11, 2015, is vacated, and the matter taken off calendar.

I.   **Factual and Procedural Background**[1]

      In 2009, Wolfstein was named as a third party defendant in Case No. CV 09-7168 R (AGRx) (the "Underlying Action"). (Compl., ¶ 5.) The Underlying Action stemmed from a contract dispute over a meat sale agreement which Wolfstein brokered. (Id. at ¶ 8.) The third party plaintiffs in the Underlying Action obtained leave from the district court to serve Wolfstein through publication, and did so. (Id. at ¶¶ 14–41.) On April 13, 2010, the Clerk entered default against Wolfstein. (Id. at ¶ 42.)

      After default had been entered, Wolfstein learned of the third party complaint against him through a business acquaintance. (Id. at ¶¶ 48–49.) He then reviewed his previously unread e-mails concerning the lawsuit. (Id.) On July 27, 2010, Wolfstein, acting in pro se, filed a motion to set aside the default. (Id. at ¶¶ 51–52.) The district court found that Wolfstein had acted in bad faith, denied the motion, and issued a default judgment against him for $1,256,860.50. (Id.; Defendants' Request For

---

[1] The factual background is based on the averments in the complaint, which must be taken as true for purposes of a motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

Judicial Notice in Support of Motion to Dismiss ("RJN"), Exs. C, G.)[2/] On April 8, 2011, pursuant to Federal Rule of Civil Procedure 60, Wolfstein filed a motion seeking relief from the default judgment ("Rule 60 Motion"). (Compl., ¶ 64.) The district court denied the Rule 60 Motion as well. (Id. at ¶¶ 64–69.)

On May 9, 2011, Wolfstein filed an appeal in the Ninth Circuit challenging the district court's denial of his Rule 60 Motion. (Id. at ¶70.) Wolfstein, once again acting in pro se, fully briefed the appeal. (Id. at 79–82.) Without expressing a view on the merits of the appeal, The Ninth Circuit determined that appointing pro bono counsel would benefit the court's review of the case. (Id. at 83; RJN, Exh. D.) The order authorizing pro bono counsel specified that "[p]ro bono counsel shall consult with [Wolfstein] to determine whether: (1) replacement briefing; or (2) supplemental briefing and appellant's previously filed briefs will be submitted to the judges deciding this appeal. The court encourages the submission of replacement briefing rather than supplemental briefing." (RJN, Exh. D.)

Wolfstein was referred to Anne M. Brafford of Morgan, Lewis & Bockius LLP to potentially serve as his pro bono counsel. (Compl., ¶ 87.) While discussing the potential representation, Ms. Brafford informed Wolfstein that she was an experienced appellate attorney, that she had no conflicts in the case, and that she would be able to competently represent him. (Id. at ¶ 88.) Additionally, Ms. Brafford represented that:

> [I]f she were consented to by [Wolfstein] for appointment as pro bono counsel on appeal for [Wolfstein], that no supplemental or amended brief would be filed by her on behalf of [Wolfstein] *without [Wolfstein's] prior consent thereto*; and . . . that *any proposed supplemental or amended brief recommended to be filed by her on behalf of [Wolfstein] as pro bono counsel for [Wolfstein] would be submitted to [Wolfstein] for his approval or rejection at least thirty (30) days prior to the due date for the filing thereof.*

(Id.) (emphasis in original).

Relying on these representations, Wolfstein consented to Defendants' representation and subsequently executed a written representation agreement. (Id. at ¶ 89, Exh. A.) Wolfstein contends that Defendants did not have the skill or experience to competently handle his appeal, and only made such representations with the intent to deceive him into consenting to allow Defendants to handle his

---

[2/]Defendants request that this Court take judicial notice of eight documents that are part of court records in the Underlying Action and in the Ninth Circuit appeal. A court may take judicial notice of court records, such as those on the court's docket. Fed. R. Evid. 201; EduMoz, LLC v. Republic of Mozambique, 968 F. Supp. 2d 1041, 1049 (C.D. Cal. 2013). Accordingly, Defendants' request for judicial notice is granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

appeal. (Id. at ¶¶ 90–92.) Moreover, he claims Defendants had a conflict of interest because they owed a duty of loyalty to their firm not to irritate or "ruffle the feathers" of the district judge or attorneys involved in the Underlying Action. (Id.)

On November 7, 2013, Plaintiff received a "very incomplete" draft of a replacement brief. (Id. at ¶ 106.) On November 10, 2013, Plaintiff sent Defendants an e-mail explaining that he did not approve of them filing a replacement brief, and demanding that Defendants seek a thirty day extension. (Id. at ¶¶ 106–07.) On November 15, 2013, Defendants ultimately filed an "improper and incompetent amended replacement brief," without Wolfstein's consent, which "ended up arguing only points and issues which were not properly subject to review on appeal." (Id. at ¶¶ 90–92, 102–105, 110; RJN, Exh. G.) On June 30, 2014, the Ninth Circuit issued a memorandum opinion affirming the district court's denial of Wolfstein's Rule 60 Motion. (Compl., ¶ 113; RJN, Exh. B.)

On June 26, 2015, Wolfstein filed a complaint in Los Angeles Superior Court alleging that Defendants' professional negligence and fraud caused him to lose his appeal. Defendants removed the action to federal court on the basis of Plaintiff's claims alleging civil rights violations. Defendants now move to dismiss the complaint based on its failure to comply with Federal Rules of Civil Procedure 8, 9, 10, and 12. Plaintiff seeks to remand the case to Los Angeles Superior Court.

II.     **Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). "'To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Id. (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)). However, the inartful pleadings of a pro se litigant must be construed liberally, and are held to a less stringent standard than pleadings drafted by lawyers. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987).

### III.     Discussion

Plaintiff's complaint asserts thirteen causes of action for: (1) Declaratory Relief; (2) Extrinsic Fraud & Mistake; (3) Abuse of Process; (4) Interference with Prospective Advantage; (5) Restraint of Trade; (6) Professional Negligence; (7) Negligence; (8) Intentional Infliction of Emotional Distress; (9) Constructive Fraud; (10) Deceit; (11) Fraudulent Concealment; (12) Civil Rights; and (13) Breach of Contract. The Court will first consider the relevant pleading standard before considering the sufficiency of Plaintiff's allegations. It will then address Plaintiff's Motion to Remand and whether to exercise supplemental jurisdiction over Plaintiff's state law claims.

#### A.     Pleading Standard

Plaintiff contends that because his complaint was originally filed in State Court, it does not need to meet federal pleading standards and is not subject to attack based on noncompliance with the federal rules. However, it is well-settled that all cases in federal court, regardless of their procedural posture,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

are governed by the Federal Rules of Civil Procedure. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1021 (9th Cir. 2013). Nevertheless, insofar as Plaintiff's complaint is found to not have been pleaded in conformity with the federal rules, and to the extent such defects are curable by amendment, the Court will grant Plaintiff leave to amend.

  **B. Plaintiff's Sixth and Seventh Causes of Action for Professional Negligence and Negligence**

  The core of Plaintiff's claims against Defendants is that they negligently handled his appeal. "In a legal malpractice action arising from a civil proceeding, the elements are (1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." Coscia v. McKenna & Cuneo, 25 P.3d 670, 672 (Cal. 2001). Additionally, "the plaintiff must establish that but for the alleged negligence of the defendant attorney, the plaintiff would have obtained a more favorable judgment or settlement in the action in which the malpractice allegedly occurred." Viner v. Sweet, 70 P.3d 1046, 1052 (Cal. 2003) (emphasis added). A plaintiff must show that they have sustained damage; the "mere breach of a professional duty, causing only nominal damages" does not suffice. Budd v. Nixen, 491 P.2d 433, 436 (1971).

  Despite general accusations of gross incompetence on the part of Defendants, Plaintiff does not identify with any particularity what claims Defendants should have raised on appeal. In order to properly plead professional negligence, Plaintiff is required to show that he would have succeeded "but for" Defendants' failure to raise specific arguments. See Viner, 70 P.3d at 1052. Therefore, Plaintiff must plead which arguments—either contained in his original appellate brief or those which an attorney using proper skill would have raised—would have led the Ninth Circuit to reverse the district court's denial of Plaintiff's Rule 60 Motion. Without the identification of such arguments, Plaintiff has not sufficiently alleged that Defendants breached their professional duty. Additionally, until such arguments are identified, Plaintiff has not sufficiently pleaded that Defendants' alleged negligence was the cause of Plaintiff's asserted damages. See Budd, 491 P.2d at 436. Accordingly, Plaintiff's sixth and seventh causes of action are dismissed with leave to amend.

  **C. Plaintiff's First Cause of Action for Declaratory Relief**

  Plaintiff's first cause of action sprawls across forty pages, and is generally unclear as to what declaratory relief Plaintiff seeks. To the extent Plaintiff seeks a declaration from this Court setting aside the district court's ruling in the Underlying Action (see Compl., ¶ 123), this Court lacks the power to do so. Furthermore, Plaintiff has already sought this relief before the Ninth Circuit—the proper court in which to seek reversal of the ruling in the Underlying Action—and lost. This Court is also without power to set that ruling aside. Moreover, the conduct in the Underlying Action is only relevant insofar as that conduct relates to issues that Defendants should have, but failed to, raise in the course of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

appeal. Any other alleged wrongdoing, particularly that which describes the actions of parties other than Defendants in the instant action, is wholly irrelevant.

Alternatively, Plaintiff appears to seek declaratory relief in the form of a court order requiring Defendants to indemnify him for the value of the judgment in the Underlying Action. (See Compl., ¶ 122.) However, this relief is entirely duplicative of the relief sought under Plaintiff's causes of action for fraud, professional negligence, and breach of contract. Thus, Plaintiff has improperly used declaratory relief to create a duplicative cause of action. See California Ins. Guarantee Assn. v. Superior Court, 231 Cal. App. 3d 1617, 1623–24, 283 Cal. Rptr. 104, 108 (Ct. App. 1991) ("Generally, an action in declaratory relief will not lie to determine an issue which can be determined in the underlying tort action. . . . The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues.") (internal quotations omitted).

Therefore, Plaintiff's first cause of action is dismissed because it seeks either declaratory relief that this Court cannot provide or the determination of identical issues raised by Plaintiff's other causes of action. Additionally, it appears that granting leave to amend would be futile because Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Jones v. Cmty. Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984). Accordingly, Plaintiff's first cause of action is dismissed with prejudice.

**D.    Plaintiff's Second, Ninth, Tenth, and Eleventh Causes of Action for Extrinsic Fraud and Mistake, Constructive Fraud, Deceit, and Fraudulent Concealment**

Plaintiff's second, ninth, tenth, and eleventh causes of action all sound in fraud. The elements of fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Small v. Fritz Companies, Inc., 65 P.3d 1255, 1258 (Cal. 2003). Claims for fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Plaintiff has alleged that Defendants misrepresented their skills as appellate attorneys and concealed conflicts of interests that precluded them from effectively representing Plaintiff's interests. (Compl., ¶ 90–92.) Plaintiff relied on these misrepresentations and omissions when he retained Defendants and entrusted them to handle his appeal. (See id.) However, Plaintiff has not sufficiently pleaded that Defendants' fraud was the cause of his damages because he has not alleged facts showing that Defendants' representation was what caused him to lose his appeal before the Ninth Circuit. See Commonwealth Mortgage Assurance Co. v. Superior Court, 211 Cal. App. 3d 508, 518, 259 Cal. Rptr. 425, 430 (Ct. App. 1989) ("In fraud, the pleading must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated."). As with Plaintiff's professional negligence claim, Plaintiff's pleading is deficient because it fails to explain the causal relationship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

between Defendants' alleged misconduct and Plaintiff's damages. Accordingly, Plaintiff's second, ninth, tenth, and eleventh causes of action are dismissed with leave to amend.

### E. Plaintiff's Third Cause of Action for Abuse of Process

The tort of abuse of process consists of two elements: "first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding." Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 728 P.2d 1202, 1209 (Cal. 1986). However, "the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action." Id. Instead, the improper conduct usually takes the form of coercion or extortion, and has been broadly interpreted to encompass all procedures incident to litigation. Templeton Feed & Grain v. Ralston Purina Co., 446 P.2d 152, 155 (Cal. 1968); Rusheen v. Cohen, 128 P.3d 713, 718 (Cal. 2006).

Here, Plaintiff has not alleged any facts showing how Defendants have abusively used litigation procedures. Any allegations in the complaint which would arguably qualify as an abuse of process occurred in the Underlying Action, well before Defendants were retained. The complaint contains no assertions that Defendants have ever initiated or otherwise abusively used proceedings adversely to Plaintiff's interests. Accordingly, Plaintiff's third cause of action is dismissed with prejudice.

### F. Plaintiff's Fourth Cause of Action for Interference with Prospective Advantage

The tort of intentional interference with prospective economic advantage requires: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 950 (Cal. 2003) (internal citations omitted). Here, Plaintiff's complaint contains conclusory allegations that "he has been damaged in his anticipated prospective economic advantages." (Compl., ¶ 132.) However, Plaintiff has failed to plead any facts showing that Defendants deliberately took actions to disrupt Plaintiff's economic relationship with a third party. Accordingly, Plaintiff's fourth cause of action is dismissed with prejudice.

### G. Plaintiff's Fifth Cause of Action for Restraint of Trade

Plaintiff's fifth cause of action asserts violations of the Cartwright Act, Cal Bus. & Prof. Code § 16720, which is California's antitrust law modeled after the federal Sherman Act. Chicago Title Ins. Co. v. Great W. Fin. Corp., 444 P.2d 481, 487 (Cal. 1968), superseded by statute on other grounds. To state a claim under the Cartwright Act, the complaint must allege: "(1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." Id. at 488.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

Here, Plaintiff claims that the "alleged conspiracy . . . to create and carry out restrictions in trade and commerce, and to prevent competition" has forced him out of business since May of 2009. (Compl., ¶ 139–40.) However, Defendants did not undertake their pro bono representation of Plaintiff's appeal until approximately four years later. Additionally, Plaintiff does not allege with particularity any specific actions Defendants have taken in conspiring to limit Plaintiff's competition in the marketplace. Based on the lack of any facts evidencing an antitrust violation, and the implausibility of such a cause of action in the instant case, Plaintiff's fifth cause of action is dismissed with prejudice.

> **H.   Plaintiff's Eighth Cause of Action for Intentional Infliction of Emotional Distress**

The elements of the tort of intentional infliction of emotional distress ("IIED") are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 820 P.2d 181, 202 (Cal. 1991) (internal quotations omitted). California sets a "high bar" for what constitutes severe distress, requiring "emotional distress of such substantial or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1376, 117 Cal. Rptr. 3d 747, 766 (2010).

Here, Plaintiff's complaint only alleges that Defendants' "wrongful acts and omissions . . . have been done with the intention of causing, and with the reckless disregard of the probability of causing emotional distress, and that as a direct and proximate result of such conduct, Plaintiff has suffered severe and extreme emotional distress." (Compl., ¶ 131.) However, Plaintiff alleges no facts in support of these contentions. This type of conclusory resuscitation of the elements of a claim, bereft of any factual support, are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65. In order to successfully plead a claim for IIED, Plaintiff would have to plead facts showing that Defendants, in the course of their appellate representation, intentionally or recklessly caused Plaintiff's emotional distress. Because Plaintiff's claim would fail to rise to the level of plausibility even after amendment, Plaintiff's eighth cause of action is dismissed with prejudice.

> **I.   Plaintiff's Twelfth Cause of Action for Civil Rights Violations**

Plaintiff's twelfth cause of action asserts violations of 42 U.S.C. §§ 1981, 1983, and 1985. As a matter of law, Plaintiff has failed to state a claim under each of these statutes.

> > **1.   42 U.S.C. § 1981**

42 U.S.C. § 1981 provides that all persons shall have the same rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings." A plaintiff asserting a claim under 42 U.S.C. § 1981 must show that he: (1) is a member of a protected class; (2) attempted to contract for certain services; and (3) was denied the right to contract for those services. Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

plaintiff may also be required to show that other similarly situated individuals, who are not members of a protected class, were able to contract for those services. See id.; see also Ford v. Surprise Family Urgent Care Ctr., LLC, 550 F. App'x 467 (9th Cir. 2013), cert. denied, 135 S. Ct. 1411, 191 L. Ed. 2d 378 (2015). Once a plaintiff has satisfied the elements of a prima facie case for intentional discrimination, the burden shifts to a defendant to present a legitimate non-discriminatory purpose for their decision not to contract with the plaintiff. Lindsey, 447 F.3d at 1144.

Here, Plaintiff has made no claims that he is a member of a protected class. More importantly, Plaintiff successfully entered into a representation contract with Defendants, under which he received pro bono appellate services. Therefore, Plaintiff cannot show that he was denied the right to contract—particularly on the basis of race—where all of Plaintiff's claim derive from services rendered under a contract. Further, it is immaterial that Plaintiff is unhappy with the services he received under the contract, or that he may have ultimately found the contractual terms unfavorable. Instead, the critical inquiry is whether Plaintiff was denied the right to contract. See Mejia v. EMC Mortgage Corp., No. CV 09-4701-CAS (Ex), 2011 WL 2470060, at *6 (C.D. Cal. June 16, 2011) (denying a § 1981 claim where Plaintiff complained only of unfavorable terms in a contract rather than alleging the denial of the right to contract); Akhavein v. Argent Mortgage Co., No. 5:09-CV-00634-RMW (RS), 2009 WL 2157522, at *6 (N.D. Cal. July 18, 2009) (same). Here, it is undisputed that Plaintiff entered into a contract with Defendants. Accordingly, the Court grants Defendants' Motion to Dismiss, with prejudice, as to the Plaintiff's claim under 42 U.S.C. § 1981.

  2. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (U.S. 1988). A § 1983 claim is "generally not applicable to private parties" unless a plaintiff has alleged that the private party "'is a willful participant in joint action with the State or its agents.'" Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)). In the Ninth Circuit, a claim for damages against an attorney for their alleged ineffective representation is "not within the purview of the Civil Rights Act, the reason being that an attorney, whether retained or appointed, does not act 'under color of' state law. Hence, the claim is not one coming within the jurisdiction of the district court." Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam).

Here, Defendants represented Plaintiff after the Ninth Circuit authorized the appointment of pro bono counsel. Ninth Circuit law clearly establishes that Defendants' appellate representation does not qualify as an act under color of state law. See id. Accordingly, the Court grants Defendants' Motion to Dismiss, with prejudice, Plaintiff's claim under 42 U.S.C. § 1983.

  3. 42 U.S.C. § 1985

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

To successfully assert a cause of action under 42 U.S.C. § 1985, a plaintiff must show: "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3356–57, 77 L.Ed.2d 1049 (1983)). The second of these four elements requires a showing that the depravation of rights was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. (quoting Griffith v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).) Additionally, "to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 930 (9th Cir. 2004).

Where a § 1985 claim is insufficiently pleaded, a district court should generally allow plaintiffs the opportunity to amend the pleadings. Id. However, amendment of a § 1985 claim is futile, and thus properly dismissed with prejudice, where the Court concludes that a plaintiff does not have a cognizable claim under § 1983. See id. Having already concluded that Plaintiff cannot state a claim under § 1983, the Court necessarily concludes that Plaintiff has failed to state a claim under § 1985.

Accordingly, Plaintiff's twelfth cause of action is dismissed, in its entirety, with prejudice.

### J.   Plaintiff's Thirteenth Cause of Action for Breach of Contract

To state a claim for breach of contract, a plaintiff must plead "the contract, plaintiffs' performance (or excuse for nonperformance), defendant's breach, and damage to plaintiff therefrom." Gautier v. General Tel. Co., 234 Cal. App. 2d 302, 305, 44 Cal.Rptr. 404, 406 (1965). "Causation of damages in contract cases requires that the damages be proximately caused by the defendant's breach." St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co., 101 Cal. App. 4th 1038, 1060, 124 Cal. Rptr. 2d 818, 834 (2002). To be actionable, contractual damages must constitute something more than nominal damages. Buttram v. Owens Corning Fiberglas Corp., 941 P.2d 71, 77 n.4 (Cal. 1997) (citing Budd, 491 P.2d at 436).

Here, Plaintiff has adequately pleaded that he had a contract with Defendant, that he performed under the contract, and that Defendants' breached that contract by failing to honor the agreement to give Plaintiff thirty days to review the brief and exercise his right of final approval. (Compl., ¶¶ 88, 106–07.) However, this breach only gives rise to nominal damages unless Plaintiff can also show that it caused a less favorable outcome in his appeal. As with Plaintiff's failure to sufficiently allege that Defendants' professional negligence caused the damages he asserts, Plaintiff has not sufficiently pleaded any appreciable damages caused by Defendants' breach of contract. Accordingly, Plaintiff's thirteenth cause of action is dismissed with leave to amend, to provide him an opportunity to sufficiently allege facts that show how the breach of the contract has caused his damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

### K. Plaintiff's Motion to Remand

Plaintiff's Motion to Remand contends that remand is required because, under the holding in State of Georgia v. Rachel, 384 U.S. 780, 791–92, 86 S. Ct. 1783, 1789–90, 16 L. Ed. 2d 925 (1966), this case was improperly removed due to the limitations on removal contained in 28 U.S.C. § 1443. However, this case was removed under 28 U.S.C. § 1441. Therefore, Plaintiff's arguments under Rachel and 28 U.S.C. § 1443 are inapplicable to this case. Rather, Plaintiff's inclusion of a claim for civil rights violations under 42 U.S.C. §§ 1981, 1983, and 1985 created a proper basis for removal. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); McKee v. Peoria Unified Sch. Dist., 963 F. Supp. 2d 911, 918–19 (D. Ariz. 2013) (removal based on the inclusion of a claim under 42 U.S.C. § 1983 was proper); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1196 (9th Cir. 1988) (noting that a plaintiff is the master of his complaint and should not assert a parallel federal right if he desires to remain in state court). Accordingly, Plaintiff's Motion to Remand is denied.

### L. The Court Will Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Having dismissed with prejudice Plaintiff's twelfth cause of action—which served as the only basis for Defendants' removal of the case—the Court must determine how it will exercise its discretion to adjudicate Plaintiff's remaining state law claims. Generally, a district court may decline to exercise jurisdiction over supplemental state-law claims if the court has dismissed all claims over which it has original jurisdiction. U.S.C. § 1367(c)(3). However, a district court's decision to exercise supplemental jurisdiction over state law claims is discretionary, and is dependent upon what "will best accommodate the values of economy, convenience, fairness, and comity." Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988).

The Court acknowledges that, in the "ordinary case," the dismissal of all federal claims at the pleading stage suggests that a state court is the preferable forum for the adjudication of state law claims. See, e.g., Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1207–10 (C.D. Cal. 2013) (collecting cases). However, the instant dispute arises out of a law firm's allegedly deficient pro bono appellate representation, which was entered into at the behest of the Ninth Circuit. It thus uniquely implicates matters of federal concern, and considerations of comity weigh in favor of a federal court retaining jurisdiction. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("That state law claims 'should' be dismissed if federal claims are dismissed before trial . . . has never meant that they must be dismissed.") (en banc) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966)). The Court will therefore retain jurisdiction over this case.

### CONCLUSION

For all of the foregoing reasons, the Court grants Defendants' Motion to Dismiss in part. (Docket No. 11.) Specifically, Plaintiff's first, third, fourth, fifth, eighth, and twelfth causes of action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7150 PA (AFMx) | Date | October 21, 2015 |
|---|---|---|---|
| Title | Philip Wolfstein v. Morgan, Lewis & Bockius LLP, et al. | | |

are dismissed with prejudice, while the remaining claims are dismissed with leave to amend. Absent leave of Court, Plaintiff may not allege any claims or add any new defendants that were not included in his original complaint. The Court denies Plaintiff's Motion to Remand. (Docket No. 16.)

Plaintiff's First Amended Complaint, if any, shall be filed no later than November 20, 2015. Failure to file a First Amended Complaint by that date may result in the dismissal of this action.

IT IS SO ORDERED.