1  PHILIP WOLFSTEIN

2  1155 Wellesley Ave., #104

3  Los Angeles, CA 90049

4  Telephone 310/663-2180

5  Plaintiff, *Pro Se*

```
FILED
CLERK, U.S. DISTRICT COURT

OCT 26 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

6

7

8            IN THE UNITED STATES DISTRICT COURT

9      FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10  Philip Wolfstein,                    )    NO. 15-cv-07150-PA-AFMx

11      Plaintiff,                       )    NOTICE OF MOTION TO DISQUALIFY

12  vs.                                  )     COUNSEL AND FOR SANCTIONS;

13  Morgan, Lewis & Bockius, LLP;        )    MEMORANDUM OF

14  Anne M. Brafford;                    )    POINTS AND AUTHORITIES;

15  Jennifer L. Bradford;                )    DECLARATION OF PHILIP WOLFSTEIN

16  Collie F. James;                     )    Hearing Date: 11/23/2015

17  and Does 1 through 100, inclusive;   )    Hearing Time: 1:30 o'clock P.M.

18      Defendants.                      )    Hearing Judge: The Hon. Percy Anderson

19  _____     )    Hearing Place: Courtroom 15

20          TO THE ABOVE ENTITLED COURT AND TO THE ABOVE NAMED

21  DEFENDANTS, AND TO THE ATTORNEYS FOR DEFENDANTS:

22          PLEASE TAKE NOTICE that on November 23, 2015, at 1:30 o'clock, P.M., in

23  Courtroom 15 of the above entitled Court, located at 312 North Spring Street, Los

24  Angeles, California 90012, Plaintiff, PHILIP WOLFSTEIN, will and does hereby move

25  the Court in the above captioned cause, for an Order disqualifying the attorneys for

26  Defendants in the above case, whom are Plaintiff's former attorneys concerning the very

27  subject of this action, and for an Order striking their unlawful, false, disparaging, and

28  malicious filings herein following removal, and for an Order, based on the principles set

1   forth in <u>Mapp v. Ohio</u>, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961),

2   reconsidering, striking and excluding this Court's Order of October 21, 2015, as based

3   upon such defendants' *unlawful* filings, and for  sanctions, including but not limited to

4   the entry of defendants' defaults and monetary sanctions against the Movant's former

5   attorneys and their counsel of record, or in the alternative, for remand to the state court.

6          This motion is and will be based upon the attached Memorandum of Points and

7   Authorities, and upon the attached Declaration of Philip Wolfstein.

8          This motion is being filed herein following a conference between Plaintiff and

9   Mr. Robert E. Gooding, the Attorney for Defendants, of October 13, 2015, pursuant to

10  Local Rule 7-3, at which conference the parties were not able to resolve by stipulation

11  or agreement the issues which are covered by the instant motion.

12         Dated: October 26, 2015.

13         Respectfully submitted,

14

15         _____

16         PHILIP WOLFSTEIN, Plaintiff, *Pro Se*

17

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## PRELIMINARY STATEMENT

From about Late June, 2013, to late July, 2014, Plaintiff Philip Wolfstein was represented by defendants, Morgan, Lewis & Bockius, LLP, Anne M. Brafford, Jennifer L. Bradford, and Collie F. James, concerning the subject matter of the case at bench.

Mr. Robert E. Gooding was one of Plaintiff's former attorneys. He was the senior partner at the Irvine Office of the Defendant, Morgan, Lewis & Bockius, LLP. Such Office had been Plaintiff's former attorneys.

On June 26, 2015, Plaintiff filed in the state court a verified complaint for declaratory relief as between the parties in the case at bench, regarding the effect of a moot judgment which names a non-existent entity as judgment creditor, and which judgment is therefore moot. Such case also contained other tort causes of action and a breach of contract cause of action, based upon defendants' fraud and malpractice in destroying a case which had been already properly briefed in the Ninth Circuit, and in which case the defendants had assured Plaintiff would be decided in his favor.

On September 10, 2015, Plaintiff's said *former attorneys* filed in this Court on behalf of the four named defendants a NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446, all without first having obtained a written consent from Plaintiff to engage in such conflicting representation. Such written consent is required by Rule 3-310(E) of the California State Bar Rules of Professional Conduct.

Thereafter, on September 17, 2015, the said four defendants, as represented by Plaintiff's *former attorneys,* filed in this Court a motion adverse to Plaintiff, namely to dismiss. Such motion was set for hearing before this Court on October 19, 2015.

In such motion to dismiss, and in its supporting papers, such attorneys made blatantly false and misleading accusations against Plaintiff, which they knew to be untrue, accusing Plaintiff of fraud and of bad faith.

MOTION TO DISQUALIFY

This was done for the deliberate purpose of causing this Court to be biased and prejudiced against Plaintiff, so as to thereby deny Plaintiff his due process right to a fair and impartial tribunal herein.

On September 29, 2015, Plaintiff filed herein, and caused to be served on the Defendants, a Memorandum of Points and Authorities, and a supporting Declaration of Plaintiff, Philip Wolfstein, in which papers Plaintiff requested, *inter alia*, that the case at bench be remanded to the state court, and that the Defendants' motion to dismiss be denied.

On October 12, 2015, Plaintiff e-mailed and mailed a letter to the attorneys for defendants, demanding their immediate withdrawal from the case, and their immediate withdrawal of the papers which had been filed by them in violation of Rule 3-310(E) of the Rules of Professional Conduct. A copy of such letter is attached hereto as Exhibit A.

On October 12, 2015, Plaintiff also called Mr. Gooding regarding the subject of such demand letter and this motion, pursuant to Local Rule 7-3. Mr. Gooding's assistant stated that he was unavailable.

On October 13th, Mr. Gooding returned such call.

On October 15, 2015, Mr. Gooding sent Plaintiff a letter, declining to withdraw on the theory that defendants' right to select their own counsel somehow supersedes Rule 3-310(E) of the Rules of Professional Conduct, since Plaintiff has to some extent, by suing his former attorneys, partially waived the attorney client privilege. A copy of such letter from Mr. Gooding is attached hereto as Exhibit B.

In response to such letter, on October 16, 2015, Plaintiff e-mailed and mailed a responsive letter to Messrs. Gooding and Hom, wherein he pointed out that a partial waiver of attorney client privilege does NOT give the Plaintiff's former attorneys carte blanche to violate the Rules of Professional Conduct (such as the plain written consent requirements of Rule 3-310(E) of the Rules of Professional Conduct). A copy of such letter to Plaintiff's former attorneys is attached hereto as Exhibit C.

MOTION TO DISQUALIFY

1      As a result of such defamation of Plaintiff to this Court, and of such violations of

2    the Rules of Professional Conduct by the Plaintiff's former attorneys, and because of

3    their failure and refusal to withdraw their false and defamatory and unlawfully filed

4    papers, this Court case has been poisoned by the receipt of illegally obtained and false

5    evidence filed in violation of Plaintiff's civil rights by Plaintiff's former lawyers.

6      The said illegal and prejudicial filings serve herein to deny Plaintiff his due

7    process right to a fair and impartial tribunal herein before ANY judge of this Court as

8    might hear proceedings herein.

9      This deliberate contamination of the entire case is not readily correctable. As is

10   shown by its Order of October 21, 2015, this Court has revealed substantial bias and

11   prejudice against Plaintiff herein.

12      Thus, the efforts of Plaintiff's former attorneys to blatantly defame Plaintiff to

13   this Court with false and misleading accusations of bad faith have been already

14   successful in prejudicing this Court against Plaintiff, and in causing this Court to have a

15   substantial bias against Plaintiff, and in making prejudicial rulings, all in violation of

16   Plaintiff's due process right to a fair and impartial tribunal.

17                          II

18   THE ATTORNEYS FOR DEFENDANTS ARE REQUIRED TO BE DISQUALIFIED

19      The California Rules of Professional Conduct, and the standards of conduct of the

20   California State Bar Act, are the standards of professional conduct for this Court. L.R.

21   83-3.1.2[1].

---

[1] **"*L.R. 83-3.1.2 Standards of Professional Conduct - Basis for Disciplinary Action*.** In
order to maintain the effective administration of justice and the integrity of the Court,
each attorney shall be familiar with and comply with the standards of professional
conduct required of members of the State Bar of California and contained in the State
Bar Act, the Rules of Professional Conduct of the State Bar of California, and the
decisions of any court applicable thereto. These statutes, rules and decisions are hereby
adopted as the standards of professional conduct, and any breach or violation thereof
may be the basis for the imposition of discipline. The Model Rules of Professional

1   　　The State Bar Act requires honesty of the Plaintiff's former attorneys to this
2   court. California Business and Professions Code § 6068(d)[2].
3   　　A senior attorney has a duty to supervise his subordinate attorneys. CA ST RPC
4   Rule 3-110.
5   　　To protect the confidentiality of the attorney-client relationship, the State Bar
6   Rules of Professional Conduct, Rule 3–310 (E)[3] prohibits attorneys from accepting,
7   without the client's informed *written* consent, employment adverse to the client or
8   former client where, by reason of the representation of the client or former client, the
9   attorney has obtained confidential information material to the employment. <u>People ex</u>
10  <u>rel. Dep't of Corporations v. SpeeDee Oil Change Sys., Inc.</u>, 20 Cal. 4th 1135, 1146,
11  980 P.2d 371, 378 (1999).
12  　　The defendants and defendants' attorneys herein have ALL failed and refused to
13  comply with Rule 3-310(E) of the Rules of Professional Conduct.
14  　　Where an attorney successively represents clients with adverse interests, and
15  where the subjects of the two representations are substantially related, the need to
16  protect the first client's confidential information requires that the attorney be

---

Conduct of the American Bar Association may be considered as guidance." *L.R. 83-3.1.2.*

[2] "It is the duty of an attorney to do all of the following:
\* \* \*
 (d) To employ, for the purpose of maintaining the causes confided to him or her those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." Calif. Bus. & Prof. Code § 6068(d).

[3] "**(E)** A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment." CA ST RPC Rule 3-310(E).

MOTION TO DISQUALIFY

disqualified from the second representation. People ex rel. Dep't of Corporations v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1146, 980 P.2d 371, 379 (1999).

For the same reason, a presumption that an attorney has access to privileged and confidential matters relevant to a subsequent representation extends the attorney's disqualification vicariously to the attorney's entire firm. People ex rel. Dep't of Corporations v. SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1146, 980 P.2d 371, 379 (1999).

An attorney's ethical duties to maintain undivided "loyalty" to his or her clients also requires that the attorney refrain from successive representation of clients with adverse interests. Jun Ki Kim v. True Church Members of Holy Hill Cmty. Church, 236 Cal. App. 4th 1435, 1456, 187 Cal. Rptr. 3d 515, 531-32 (2015), reh'g denied (June 12, 2015); City of Santa Barbara v. Superior Court, 122 Cal. App. 4th 17, 23, 18 Cal. Rptr. 3d 403, 407 (2004) ; In re Jaeger, 213 B.R. 578, 585-588 (Bankr. C.D. Cal. 1997).

Where a former client seeks to have a previous attorney disqualified from serving as counsel to a successive client in litigation adverse to the interests of the first client, the governing test requires that the client demonstrate a '*substantial relationship*' between the subjects of the antecedent and current representations. The 'substantial relationship' test mediates between two interests that are in tension in such a context— the freedom of the subsequent client to counsel of choice, on the one hand, and the interest of the former client in ensuring the permanent confidentiality of matters disclosed to the attorney in the course of the prior representation, on the other. Where the requisite substantial relationship between the subjects of the prior and the current representations can be demonstrated, access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is *presumed* and disqualification of the attorney's representation of the second client is mandatory; indeed, the disqualification extends vicariously to the entire firm. Pound v. DeMera DeMera Cameron, 135 Cal. App. 4th 70, 75-76, 36 Cal. Rptr. 3d

MOTION TO DISQUALIFY

922, 926 (2005). See, to the same effect: <u>Oaks Mgmt. Corp. v. Superior Court</u>, 145 Cal. App. 4th 453, 463-64, 51 Cal. Rptr. 3d 561, 568 (2006).

Even if an attorney's claims of non-involvement in the prior case were true and honest, it has nevertheless been held that he and his firm are vicariously disqualified due to imputed knowledge. A common example of circumstances that would justify disqualification of an attorney despite the absence of direct, personal involvement by the attorney in the prior representation is where another attorney in the same law firm had a direct professional relationship with the former client in the prior representation. <u>Fremont Indem. Co. v. Fremont Gen. Corp.</u>, 143 Cal. App. 4th 50, 68, 49 Cal. Rptr. 3d 82, 94 (2006).

An attorney resisting disqualification "has the burden of showing" why disqualification should not occur. <u>In re Charlisse C.</u>, 45 Cal. 4th 145, 166, 194 P.3d 330, 343 (2008).

The Ninth Circuit is in accord with the forgoing decisions of the California Courts. <u>Trone v. Smith</u>, 621 F.2d 994, 998-99 (9th Cir. 1980); <u>Thomas v. Mun. Court of Antelope Valley Judicial Dist. of California</u>, 878 F.2d 285, 288 (9th Cir. 1989); <u>Paul E. Iacono Structural Eng'r, Inc. v. Humphrey</u>, 722 F.2d 435, 440, 442 (9th Cir. 1983); <u>Baxter Diagnostics Inc. v. AVL Scientific Corp.</u>, 798 F. Supp. 612, 616 (C.D. Cal. 1992), <u>order clarified</u> (Aug. 28, 1992); <u>In re Jaeger</u>, 213 B.R. 578, 591 (Bankr. C.D. Cal. 1997); <u>S.E.C. v. King Chuen Tang</u>, 831 F. Supp. 2d 1130, 1144-45 (N.D. Cal. 2011); <u>Beltran v. Avon Products, Inc.</u>, 867 F. Supp. 2d 1068, 1077-78 (C.D. Cal. 2012).

The Ninth Circuit has held there to be a conflict of interest in a successive representation context where the attorney in the subsequent case, as in the case at bench, must *prepare a case against*, cross-examine, or impeach *a former client* on subject matter so closely connected with that of the earlier representation that confidences might be involved. <u>Thomas v. Mun. Court of Antelope Valley Judicial Dist. of California</u>, 878 F.2d 285, 288 (9th Cir. 1989).

MOTION TO DISQUALIFY

1    Despite Mr. Gooding's duty to supervise his subordinate attorneys, as aforesaid,
2    he has supervised them to do illegal actions and to have them and himself violate the
3    Rules of Professional Conduct, so as to thereby damage Plaintiff in the prior case and in
4    the case at bench.

5    For the reasons set forth above and in Plaintiff's demand letter of October 12,
6    2015, and due to the failure of defendants and their attorneys (Plaintiff's former
7    attorneys in the same matter) to comply with Rule 3-310 (E) of the Rules of
8    Professional Conduct, and due to the dishonesty of the Plaintiff's former attorneys to
9    this court in violation of Business and Professions Code § 6068(d)[4], and due to the
10   defamation by false accusation on the part of the Plaintiff's former attorneys to this
11   court, and due to the violation of the duty of loyalty and of Plaintiff's privacy, as herein
12   shown, the attorneys of record for defendants, whom are all *former lawyers for plaintiff*
13   *regarding the subject of this action*, are all required to be disqualified herein.

III

THE WORK PRODUCT AND FILINGS OF THE ATTORNEYS FOR
DEFENDANTS HEREIN HAVE BEEN ILLEGAL, AND ANY ORDERS BASED
THEREON, SHOULD BE ALL ORDERED STRICKEN UNDER NORMAL
EXCLUSIONARY RULE PRINCIPLES

19   Even in the absence of the malicious deceit and defamation of their former client,
20   as defendants have employed so as to poison the court in the case at bench, the work
21   product and filings herein of the conflicted attorneys are not properly considered by
22   **ANYONE**, including the court or subsequent counsel. Asyst Technologies, Inc. v.

---

[4] "It is the duty of an attorney to do all of the following:
* * *
(d) To employ, for the purpose of maintaining the causes confided to him or her those
means only as are consistent with truth, and never to seek to mislead the judge or any
judicial officer by an artifice or false statement of fact or law." Calif. Bus. & Prof. Code
§ 6068(d).

MOTION TO DISQUALIFY

1  Empak, Inc., 962 F. Supp. 1241, 1241-44 (N.D. Cal. 1997); Mapp v. Ohio, 367 U.S.

2  643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

3      Accordingly, such post removal filings, and any court orders based on such illegal

4  filings, should be ordered stricken.

5                                                  IV

6      THE COURT SHOULD ALSO IMPOSE THE MOST SEVERE SANCTIONS

7      Simply striking the malicious and bad faith filings of the defendants, and striking

8  the Order of October 21, 2015, does not de-contaminate the case or cure the defendants'

9  vicious behavior herein. Severe sanctions are required herein.

10      Accordingly, the Court should order the defaults of the defendants and impose

11  significant monetary sanctions on them and on Messrs. Gooding and Hom.

12                                                  V

13  DEFENDANTS HAVE THROUGHOUT THIS CASE EMPLOYED BLATANT

14       DISHONESTY AND MULTIPLE VIOLATIONS OF THE RULES OF

15  PROFESSIONAL CONDUCT, AND THE COURT SHOULD FOR THAT REASON

16  ALSO EMPLOY ITS DISCRETION UNDER THE UNCLEAN HANDS DOCTRINE

17  SO AS TO DENY DEFENDANTS ACCESS TO THIS COURT BY ENTERING

18                           DEFENDANTS' DEFAULTS

19      The state court complaint in the case at bench alleges stunning, astonishing, and

20  outrageous fraud, incompetence, bad faith, and malpractice at the Irvine Office of

21  Defendant Morgan, Lewis & Bockius, LLP. That Office was supposed to have been

22  overseen by Senior Partner, Robert E. Gooding. CA ST RPC Rule 3-110. Mr. Gooding

23  is now acting as counsel herein for the co-conspirator defendants, while using his role as

24  attorney to try to disparage Plaintiff, a former client, and to cover up his firm's fraud,

25  and to contaminate and prejudice the Court to cover up the debacle.

26      In the instant proceeding, as shown herein, that same sort of dishonesty and

27  misconduct and defamation has been employed by Defendants systematically.

MOTION TO DISQUALIFY

1    The "unclean hands" rule is of ancient origin, it is given broad application, and it
2  is the most important rule affecting the administration of justice. In re Marriage of
3  Boswell, 225 Cal. App. 4th 1172, 1175, 171 Cal. Rptr. 3d 100, 102-03 (2014).
4    Since these Defendants are employing dishonesty and fraud on the court to
5  buttress each and every argument they make, the Court should also employ its discretion
6  to bar the defendants from the fruits of their frauds or from even being heard by this
7  Court, by entering defendants' defaults, under the traditional unclean hands factors.
8  There is abundant authority to do so. Seller Agency Council, Inc. v. Kennedy Ctr. for
9  Real Estate Educ., Inc., 621 F.3d 981, 986-87 (9th Cir. 2010); Ramirez v. Greenpoint
10  Mortgage Funding, Inc., 268 F.R.D. 627, 636 (N.D. Cal. 2010); Intamin, Ltd. v.
11  Magnetar Technologies Corp., 623 F. Supp. 2d 1055, 1074-75 (C.D. Cal. 2009) aff'd,
12  404 F. App'x 496 (Fed. Cir. 2010); Metro-Goldwyn-Mayer Studios, Inc. v. Grokster,
13  Ltd., 518 F. Supp. 2d 1197, 1222-23 (C.D. Cal. 2007); Burger v. Kuimelis, 325 F. Supp.
14  2d 1026, 1040 (N.D. Cal. 2004); Hoffman-La Roche, Inc. v. Promega Corp., 319 F.
15  Supp. 2d 1011, 1017 (N.D. Cal. 2004); Jarrow Formulas, Inc. v. Nutrition Now, Inc.,
16  304 F.3d 829, 841 (9th Cir. 2002); Adler v. Fed. Republic of Nigeria, 219 F.3d 869,
17  876-78 (9th Cir. 2000), as amended on denial of reh'g and reh'g en banc (Aug. 17,
18  2000); Precision Instr Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S.
19  806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (1945).

20    VI

21    CONCLUSION

22    For the reasons set forth above, this motion should be granted. The attorneys for
23  the defendants herein should be disqualified. Their improper, false, scurrilous,
24  defamatory and frivolous filings herein were all purposely designed to prejudice and to
25  poison this Court against the Plaintiff by the false accusations therein of bad faith on
26  Plaintiff's part. As a result, no judge of this Court can sit as a fair and impartial tribunal.
27  Defendants' post removal filings herein and any court orders based on such filings,
28  should be ordered stricken.  The Court should order the defaults of the defendants and

MOTION TO DISQUALIFY

1  impose significant monetary sanctions on Messrs. Gooding and Hom, under Rule 11,

2  and under Local Rule 11-9. In the alternative, after striking defendants' papers, and this

3  Court's orders based thereon, the case should be remanded to state court.

4     Dated: October 26, 2015.

5     Respectfully submitted,

6

7  _____

8  PHILIP WOLFSTEIN, Plaintiff, *Pro Se*

9

MOTION TO DISQUALIFY

## DECLARATION OF PHILIP WOLFSTEIN

Philip Wolfstein declares:

He is the Plaintiff in the above action.

If he were called to testify as a witness, he could and would testify of his own knowledge, as is stated herein.

From about Late June, 2013, to late July, 2014, Declarant was represented by defendants, Morgan, Lewis & Bockius, LLP, Anne M. Brafford, Jennifer L. Bradford, and Collie F. James, concerning the subject matter of the case at bench. Mr. Robert E. Gooding was one of Declarant's former attorneys, as the senior partner at the Irvine Office of the Defendant, Morgan, Lewis & Bockius, LLP. That Office had been Declarant's former attorneys.

On June 26, 2015, Declarant filed a verified complaint for declaratory relief regarding a moot purported judgment in the state court against his said former attorneys, based on their fraud and malpractice in a case which had been already properly briefed, and in which case they had assured Declarant that he would prevail on appeal.

On September 10, 2015, Declarant's said former attorneys filed in this Court on behalf of four defendants a NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446, without having obtained a written consent from Declarant to engage in such representation.

On September 17, 2015, the said four defendants, as represented by Declarant's former lawyers regarding the same subject matter as they had been representing Declarant, filed in this Court a motion adverse to Declarant to dismiss, setting the said motion for hearing before this Court on October 19, 2015.

In such motion to dismiss, and in its supporting papers, such attorneys made false and untrue accusations against Declarant, accusing Declarant of fraud and of bad faith, causing any judge of this Court reading such papers to be biased and prejudiced against Declarant, and so as to thereby deny Declarant his due process right to a fair and impartial tribunal herein.

MOTION TO DISQUALIFY

Defendants and their attorneys well knew that Declarant had been instructed by his client, the Seller, in late January, 2009, to ignore and not respond to e-mail and other communications, from the Buyer, so that Declarant was not at all acting in bad faith.

Moreover, Defendants and their attorneys well knew that Declarant was never allowed to testify properly before Judge Real, and that the accusation of bad faith was a false accusation leveled by the attorney for the buyer.

On October 12, 2015, Declarant e-mailed and mailed a letter to the attorneys for defendants, demanding their immediate withdrawal from the case, and their immediate withdrawal of the papers which had been filed by them in violation of Rule 3-310(E) of the Rules of Professional Conduct. A copy of such letter is attached hereto as Exhibit A.

On October 12, 2015, Declarant also called Mr. Gooding regarding the subject of such demand letter and this motion, pursuant to Local Rule 7-3. Mr. Gooding's assistant stated that he was unavailable.

On October 15, 2015, Mr. Gooding sent Declarant a letter, declining to withdraw on the theory that defendants' right to select their own counsel supersedes Rule 3-310(E) of the Rules of Professional Conduct, since Declarant has partially waived the attorney client privilege. A copy of such letter is attached hereto as Exhibit B.

In response to such letter, on October 16, 2015, Declarant e-mailed and mailed a responsive letter to Messrs. Gooding and Hom, wherein he pointed out that a partial waiver of attorney client privilege does NOT give the Declarant's former attorneys carte blanche to violate the Rules of Professional Conduct. A copy of such letter to Declarant's former attorneys is attached hereto as Exhibit C.

Declarant states under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on October 26, 2015, at Los Angeles, California.

_____
PHILIP WOLFSTEIN

MOTION TO DISQUALIFY

PROOF OF SERVICE

1

2    I, the undersigned, _Kamron Batmanghelich_ declare:

3    On October 26, 2015, I served the within NOTICE OF MOTION TO

4    DISQUALIFY COUNSEL AND FOR SANCTIONS; MEMORANDUM OF POINTS

5    AND AUTHORITIES; DECLARATION OF PHILIP WOLFSTEIN on the interested

6    persons herein, by delivering a copy thereof, in a sealed envelope, to each of the

7    following:

8            * * *

9    Robert E. Gooding, Jr.

10   5 Park Plaza, Suite 1750

11   Irvine, CA 92614

12           * * *

13   Brian M. Hom

14   300 South Grand Avenue, 22nd Floor

15   Los Angeles, CA 90071-3132

16           * * *

17   I am at least 18 years of age and I am not a party to the within action. My

18   business (residence) address is _6374 Hollywood, LA, CA 90028_.

19   I declare under penalty of perjury that the above is true and correct, and that this

20   declaration was executed on October 26, 2015, at Los Angeles, California.

21

22

23   _X. Bx_

24

25

- 15 -                                    MOTION TO DISQUALIFY

**PHILIP WOLFSTEIN**
**1155 Wellesley Ave., #104**
**Los Angeles, CA 90049**
**Telephone 310/663-2180**

October 12, 2015

Robert E. Gooding, Esq.
Morgan, Lewis & Bockius, LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614

Copy to:
Brian M. Hom, Esq.
Morgan, Lewis & Bockius, LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132

Copy to:
bhom@morganlewis.com

Re: <u>Philip Wolfstein v. Morgan, Lewis & Bockius, LLP, et. al.</u>, Los Angeles
County Superior Court, Case No. BC586315; USDC Case No. 15-cv-07150-PA-
AFMx

Dear Mr. Gooding:

An attorney and his or her firm cannot accept representation adverse to a
former client if the later case bears a substantial connection to the earlier one.
<u>Trone v. Smith</u>, 621 F.2d 994, 998-99 (9th Cir. 1980).

An attorney and his or her firm are disqualified from bringing proceedings
against the former client in a court of law if the proceedings bear a substantial
relation to the prior representation. Id. Their bringing of any such proceedings
violates the rules of professional conduct, as well as the canons of ethics. Id.

Attorneys cannot be advocates in a case where they are material witnesses,
so as to try to prevent their being called to testify, or so as to try to vouch for or

*EXHIBIT A*          *-16-*

Robert E. Gooding          2

against one side or another. United States v. Prantil, 764 F.2d 548, 551-56 (9th Cir. 1985); United States v. West, 680 F.2d 652, 654-57 (9th Cir. 1982).

An attorney owes two different duties to a former client. First, the attorney has a duty of confidentiality, which prohibits an attorney from using against the former client any information or knowledge acquired by virtue of the representation of that client. Second, the attorney has a duty of loyalty to the former client which prohibits the attorney from undertaking a representation adverse to a former client in a matter substantially related to the prior representation of that client. In re Jaeger, 213 B.R. 578, 587 (Bankr. C.D. Cal. 1997).

An attorney is forbidden to do either of two things after severing his relationship with a former client. He may not do anything which will injuriously affect his former client in any manner in which he formerly represented him, nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship. In re Jaeger, 213 B.R. 578, 587 (Bankr. C.D. Cal. 1997).

In regard to the above now pending case, you were the senior attorney and overseer of the representation of my case at the Irvine Office of Morgan, Lewis & Bockius, LLP, from about July 3, 2013, to late July, 2014.

Your and your Firm's current representation of adverse interests and parties filing proceedings against me in the above litigation bears a direct and substantial connection to your and your Firm's earlier representation of me. Advanced Messaging Technologies, Inc. v. EasyLink Servs. Int'l Corp., 913 F. Supp. 2d 900, 907-08 (C.D. Cal. 2012); In re Plant Insulation Co., 414 B.R. 646, 651-52 (Bankr. N.D. Cal. 2009).

In the above now pending proceedings, you and your Firm have improperly vouched for the credibility of the defendants whom are yourselves, and have improperly impugned my credibility, and have tried to be attorneys in a case where you are parties and material witnesses, so as to try to prevent your being called to testify, and so as to try to vouch for the defendants and against my interests. This is misconduct in direct violation of the rules of professional conduct and the canons of ethics. United States v. Edwards, 154 F.3d 915, 921-24 (9th Cir. 1998).

The disqualification of you and your Firm is now required. In re Mortgage & Realty Trust, 195 B.R. 740, 751-53 (Bankr. C.D. Cal. 1996).

Robert E. Gooding                                    3

You and your firm and its affiliated attorneys cannot communicate or forward any of your work product created in the course of this action to counsel subsequently retained by defendants to represent them in this action or in any matters related to this action. <u>Asyst Technologies, Inc. v. Empak, Inc.</u>, 962 F. Supp. 1241, 1241-44 (N.D. Cal. 1997).

Accordingly, DEMAND IS HEREBY MADE that you and your firm and its affiliated attorneys immediately withdraw from all proceedings against me and that you and your Firm and its affiliated attorneys immediately withdraw all legal proceedings which you have filed against me in the above referenced proceedings, and that you and your Firm and its affiliated attorneys be PROHIBITED from communicating or forwarding any of their work product created in the course of this action to counsel subsequently retained by defendants to represent them in this action or in any matters related to this action. <u>Asyst Technologies, Inc. v. Empak, Inc.</u>, 962 F. Supp. 1241, 1241-44 (N.D. Cal. 1997).

Yours truly,

Philip Wolfstein

# Morgan Lewis

Morgan, Lewis & Bockius LLP
5 Park Plaza
Suite 1750
Irvine, CA 92614
Tel. +1.949.399.7000
Fax: +1.949.399.7001
www.morganlewis.com

**Robert E. Gooding, Jr.**
Partner
+1.949.399.7181
rgooding@morganlewis.com

October 15, 2015

*VIA E-MAIL AND U.S. MAIL*

Philip Wolfstein
1155 Wellesley Avenue, #104
Los Angeles, CA 90049

Re:     <u>*Wolfstein v. Morgan, Lewis & Bockius LLP et al.*, Case No. 15-cv-7150 PA (AFMx)</u>

Dear Mr. Wolfstein:

We are in receipt of your letter dated October 12, 2015. Because the rules and authorities you have cited in your letter do not apply when a client sues his former attorneys for legal malpractice, we strongly disagree with your conclusions and reject your demand that we withdraw from representing our clients, the Defendants in the above-referenced action.

Your letter appears to be premised on the notion that a law firm must be "disqualified *from bringing proceedings against the former client* in a court of law if the proceedings bear a substantial relation to the prior representation." (Letter, p. 1, emphasis added). But that is not the case here. The Defendants in this action have not brought any legal proceedings against you. Instead, you filed this action against my clients alleging legal malpractice, among other claims. As a result, you have waived the attorney-client privilege and the confidentiality that otherwise would have existed between you and your former counsel, and Defendants are entitled to disclose such information as reasonably necessary to defend themselves in this action.

It is well settled under the rules of professional conduct that "a lawyer may reveal information relating to the representation of a client…to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client…or to respond to allegations in any proceeding concerning the lawyer's representation of the client." ABA Model Rules of Prof'l Conduct, Rule 1.6(b)(5). When a former client brings a legal claim against his or her former attorneys involving the representation, "the lawyer may respond to the extent the lawyer reasonably believes necessary to establish a defense." ABA Model Rules of Prof'l Conduct, Rule 1.6, comment 10. Stated differently, a lawyer has the "right to defend" himself or herself. *Id.*

*EXHIBIT B*                                    - 19 -

Philip Wolfstein
October 15, 2015
Page 2

Likewise, courts in California have found that when a former client brings a legal malpractice suit against his or her former counsel – as is the case here – the attorney-client privilege is waived. "Generally, the filing of a legal malpractice action against one's attorney results in a waiver of the privilege, thus enabling the attorney to disclose, to the extent necessary to defend against the action, information otherwise protected by the attorney-client privilege." *McDermott, Will & Emery v. Superior Court,* 83 Cal.App.4th 378, 383-84 (2000); *see also Smith, Smith & Kring v. Superior Court,* 60 Cal.App.4th 573, 579-580 (1997) (Plaintiff's "allegations of legal malpractice against [former counsel] necessarily waives all claims of confidentiality as to them."); Cal. Evid. Code § 958 ("There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship.").

Because you brought this action against Defendants alleging a breach of a duty arising out of the lawyer-client relationship, you have waived the attorney-client privilege. Accordingly, Defendants are within their rights to disclose such information as reasonable necessary to establish a defense. And there is no question that, in defending themselves, they have the right to be represented by counsel of their choice.

I also wish to take this opportunity to correct a misstatement in your letter concerning my role in the underlying litigation. You state that "you were the senior attorney and overseer of the representation of my case at the Irvine Office of Morgan, Lewis & Bockius, LLP, from about July 3, 2013, to late July, 2014." (Letter, p. 2.) That is not true. In fact, as I informed you in our telephone conversation on Tuesday, I had no role whatsoever in supervising or overseeing your representation in the underlying litigation.

Very truly yours,

Robert E. Gooding, Jr.

REG/kcr

**PHILIP WOLFSTEIN**
**1155 Wellesley Ave., #104**
**Los Angeles, CA 90049**
**Telephone 310/663-2180**

October 16, 2015

Robert E. Gooding, Esq.
Morgan, Lewis & Bockius, LLP
5 Park Plaza, Suite 1750
Irvine, CA 92614

Copy to:
Brian M. Hom, Esq.
Morgan, Lewis & Bockius, LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132

Copy to:
bhom@morganlewis.com

Re: <u>Philip Wolfstein v. Morgan, Lewis & Bockius, LLP, et. al.</u>, Los Angeles
County Superior Court, Case No. BC586315; USDC Case No. 15-cv-07150-PA-
AFMx

Dear Mr. Gooding:

With regard to your letter of October 15, 2015, you are quite mistaken in
thinking that waiver of the attorney client privilege gives you and your Firm carte
blanche to disregard the Rules of Professional Conduct. The cases which you cite
are quite beside the point and give you no such discretion.

Yours truly,

Philip Wolfstein

EXHIBIT C