UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07150-PA(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | PHILIP WOLFSTEIN V. MORGAN, LEWIS & BOCKIUS, LLP | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - MOTION TO ALTER AND AMEND RULING AND JUDGMENT (Dkt. 50, filed March 3, 2016)

## I.    INTRODUCTION

On March 3, 2016, plaintiff Philip Wolfstein, proceeding *pro se*, filed the instant "Motion to Alter and Amend Ruling and Judgment." Dkt. 50. In this motion, plaintiff states that he is requesting the recusal of the Honorable Judge Percy Anderson. Id. at 1-2. Plaintiff only expressly states that he is requesting recusal pursuant to 28 U.S.C. § 455, which is the provision governing self-recusal by a judge. Id. at 1-2. However, given that plaintiff appears to generally question Judge Anderson's competency to hear this case, the Court construes plaintiff's motion as a motion to recuse under either 28 U.S.C. §§ 144 or 455. Pursuant to General Order 14-03 and Local Rule 72-5, this motion was referred to the undersigned on March 3, 2016. Dkt. 51.

## II.    ANALYSIS

28 U.S.C. § 144 provides for disqualification of a judge whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Under 28 U.S.C. § 455, judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." Id. § 455(a). The substantive standard for disqualification is the same under both sections 144 and 455: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07150-PA(AFMx) | Date | March 7, 2016 |
| Title | PHILIP WOLFSTEIN V. MORGAN, LEWIS & BOCKIUS, LLP | | |

reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted).

The Court finds that plaintiff has failed to set forth any facts that would lead a reasonable person to question Judge Anderson's impartiality. The vast majority of plaintiff's motion is devoted to explaining his belief—albeit his strong belief—that Judge Anderson has reached erroneous conclusions in ruling on several motions in this case. This is simply not a cognizable basis for requesting a judge's recusal. In a motion for recusal, the alleged bias cannot result from mere disagreement, however vehement, with a judge's rulings; instead, "the alleged bias must stem from an 'extrajudicial source.' " United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997) (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; see also United States v. Azhocar, 581 F.2d 735, 739 (9th Cir. 1978) ("Adverse rulings do not constitute the requisite bias or prejudice of [28 U.S.C. § 144].") (citing Berger v. United States, 255 U.S. 22, 34 (1921)); Studley, 783 F.2d at 939 (" [The] alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."). Accordingly, while plaintiff may disagree with Judge Anderson's prior rulings, the Court finds this to be an insufficient grounds for recusal.[1]

Plaintiff also briefly notes that his complaint contains allegations of judicial misconduct by other judges of the Central District of California. Plaintiff states that because these allegations concern one of Judge Anderson's colleagues they create "conflicts of interest which foreclose [Judge Anderson] from being or acting as an impartial tribunal." Mot., at 10. This argument is nonsensical. Under plaintiff's argument, *no judge* in the Central District of California would be competent to hear his case. Moreover, as is demonstrated by this very motion, judges are routinely called upon to rule on matters involving the alleged misconduct of their colleagues. The law

---

[1] Moreover, to the extent plaintiff is requesting that the Court vacate, alter, or amend any of Judge Anderson's prior orders, the Court declines to rule on this request. This Court lacks the authority to review the rulings of a fellow district court judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07150-PA(AFMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | PHILIP WOLFSTEIN V. MORGAN, LEWIS & BOCKIUS, LLP | | |

presumes that judges are competent to set aside the loyalty they hold towards their colleagues and rule upon such matters impartially. See also First Interestate Bank of Arizona, N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 988 (9th Cir. 2000) ("[J]udges (and their law clerks) are presumed to be impartial and to discharge their ethical duties faithfully so as to avoid the appearance of impropriety."); Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) ("[W]e abide by the general presumption that judges are unbiased and honest").

     Accordingly, for the foregoing reasons the Court **DENIES** plaintiff's request to recuse Judge Anderson.

     IT IS SO ORDERED.

                                                                                                          00     :     00

                                                 Initials of Preparer       CMJ